## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC<br>d/b/a HAHNEMANN UNIVERSITY<br>HOSPITAL, et al<br>Debtors[1]. | CASE NO. 19-11466 (MFW)<br>CHAPTER 11<br><br>(Jointly Administered) |
| CENTER CITY HEALTHCARE, LLC<br>d/b/a HAHNEMANN UNIVERSITY<br>HOSPITAL, et al<br>Plaintiff,<br>vs.<br><br>Physician and Tactical Healthcare Services,<br>LLC,<br>Defendant. | Adv. Proc. No. 21-50905 (MFW) |

## ANSWER OF PHYSICIAN AND TACTICAL
## HEALTHCARE SERVICES, LLC

Defendant Physician and Tactical Healthcare Services, LLC, on behalf of itself and its affiliates (collectively, "PATHS"), by and through its undersigned attorneys, hereby provides its answer and its affirmative defenses to the Complaint filed by the Plaintiff Center City Healthcare, LLC d/b/a Hahnemann University Hospital ("Debtor") in the bankruptcy proceedings of Debtor.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), St Chris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 230 North Broad Street, Philadelphia, PA 19102.

1

## NATURE OF ACTION

1. Paragraph 1 is denied as a conclusion of law to which no response is required.  To the extent that a response may be required, same is denied.

2. Paragraph 2 is denied as a conclusion of law to which no response is required.  To the extent that a response may be required, same is denied.

3. PATHS lacks sufficient information and knowledge to form a belief as to the truth of the averment contain within Paragraph 3 as said information is solely in the possession of Debtor.  Therefore, Paragraph 3 is denied in its entirety.

4. Paragraph 4 is denied as a conclusion of law to which no response is required.  To the extent that a response may be required, same is denied.

5. Paragraph 5 is denied as a conclusion of law to which no response is required.  To the extent that a response may be required, same is denied.

## THE PARTIES

6.  PATHS admits the averment contained within Paragraph 6.

7.  PATHS is without sufficient knowledge or information to form a belief as to the truth of the averment contained within Paragraph 7 and therefore denies same.

8.  PATHS is without sufficient knowledge or information to form a belief as to the truth of the averment contained within Paragraph 8 and therefore denies same.

9. PATHS is without sufficient knowledge or information to form a belief as to the truth of the averment contained within Paragraph 9 and therefore denies same.

10.  PATHS admits the first sentence of Paragraph 10.  The remainder of Paragraph 10 is denied as a conclusion of law to which no response is required.  To the extent that a response is required, same is denied.

11.  PATHS admits the averment contained within Paragraph 11.

12.  Paragraph 12 is denied as a conclusion of law to which no response is required.  To the extent that a response may be required, same is denied.

## JURISDICTION AND VENUE

13.  Paragraph 13 is denied as a conclusion of law to which no response is required.  To the extent that a response may be required, same is denied.

14.  Paragraph 14 is denied as a conclusion of law to which no response is required.  To the extent that a response may be required, same is denied.

15.  Paragraph 15 is denied as a conclusion of law to which no response is required.  To the extent that a response may be required, same is denied.

16.  Paragraph 16 is denied as a conclusion of law to which no response is required.  To the extent that a response may be required, same is denied.

## FACTS

17.  PATHS is without sufficient knowledge or information to form a belief as to the truth of the averment contained within Paragraph 17 and therefore denies same.

18. PATHS is without sufficient knowledge or information to form a belief as to the truth of the averment contained within Paragraph 18 and therefore denies same.

19. PATHS is without sufficient knowledge or information to form a belief as to the truth of the averment contained within Paragraph 19 and therefore denies same.

20. PATHS is without sufficient knowledge or information to form a belief as to the truth of the averment contained within Paragraph 20 and therefore denies same.

21. PATHS is without sufficient knowledge or information to form a belief as to the truth of the averment contained within Paragraph 21 and therefore denies same.

22. PATHS is without sufficient knowledge or information to form a belief as to the truth of the averment contained within Paragraph 22 and therefore denies same.

23. PATHS is without sufficient knowledge or information to form a belief as to the truth of the averment contained within Paragraph 23 and therefore denies same.

24. PATHS is without sufficient knowledge or information to form a belief as to the truth of the averment contained within Paragraph 24 and therefore denies same.

25. PATHS is without sufficient knowledge or information to form a belief as to the truth of the averment contained within Paragraph 25 and therefore denies same.

26. PATHS is without sufficient knowledge or information to form a belief as to the truth of the averment contained within Paragraph 26 and therefore denies same.

27. PATHS is without sufficient knowledge or information to form a belief as to the truth of the averment contained within Paragraph 27 and therefore denies same.

28. Admitted in part, denied in part.  PATHS denies Paragraph 28 to the extent that Debtor alleges that Exhibit A accurately reflects the Transfers made by Debtor to PATHS. PATHS admits the remaining allegations in Paragraph 28.

29.  The averment contained within Paragraph 29 refers to a written document which speaks for itself.  Any characterization inconsistent with the written document is denied. PATHS, further, denies the accuracy of the information contained within Exhibit A.

30.  The averment contained within Paragraph 30 refers to a written document which speaks for itself.  Any characterization inconsistent with the written document is denied.

31.  The averment contained within Paragraph 31 refers to a written document which speaks for itself.  Any characterization inconsistent with the written document is denied.  By way

of further response, the averment contained within Paragraph 31 lacks sufficient specificity for PATHS to identify the correspondence to which it refers.   Therefore, same is denied.

32. PATHS lacks sufficient information and knowledge to form a belief as to the extent and scope of the analysis performed by Debtor, therefore same is denied.  PATHS denies the remainder of the averment contained within Paragraph 32 as a conclusion of law to which no response is required.  To the extent that a response may be required, the remainder of the averment is denied.

## FIRST CLAIM FOR RELIEF
### (Avoidance of Transfers - 11 U.S.C. § 547)

33. PATHS hereby incorporates by reference its responses to Paragraphs 1 through 32 above as if set forth in full herein.

34. PATHS denies the averment contained within Paragraph 34.

35. Denied as a conclusion of law to which no response is required.  To the extent that a response may be required, same is denied.

36. PATHS denies the averment contained within Paragraph 36.

37. Denied as a conclusion of law to which no response is required.  To the extent that a response may be required, same is denied.

38. PATHS denies the averment contained within Paragraph 38.

39. PATHS is without knowledge or information sufficient to form a belief as to the truth of the averment contained within Paragraph 39 and therefore denies same.

40. PATHS denies the averment contained within Paragraph 40.

41. PATHS admits the averment contained within Paragraph 41.

42. PATHS denies the averment contained within Paragraph 42.

## SECOND CLAIM FOR RELIEF
### (Avoidance of Fraudulent Transfers - 11 U.S.C. § 548)

43. PATHS hereby incorporates by reference its responses to Paragraphs 1 through 42 above as if set forth in full herein.

44. PATHS denies the averment contained within Paragraph 44.

45. PATHS denies the averment contained within Paragraph 45.

## THIRD CLAIM FOR RELIEF
### (Recovery of Property - 11 U.S.C. § 550)

46. PATHS hereby incorporates by reference its responses to Paragraphs 1 through 45 above as if set forth in full herein.

47. Paragraph 47 is denied as a conclusion of law to which no response is required.  To the extent that a response may be required, same is denied.

48. Paragraph 48 is denied as a conclusion of law to which no response is required.  To the extent that a response may be required, same is denied.

## FOURTH CLAIM FOR RELIEF
### (Disallowance of all Claims - 11 U.S.C. § 502 (d) and (j))

49. PATHS hereby incorporates by reference its responses to Paragraphs 1 through 48 above as if set forth in full herein.

50. Paragraph 50 is denied as a conclusion of law to which no response is required.  To the extent that a response may be required, same is denied.

51. Admitted in part, denied in part.  It is admitted that PATHS has not made any payments to the Trustee.  The remainder of the averment contained within Paragraph 51 is denied as a conclusion of law to which no response is required.  To the extent that a response may be required, same is denied.

6

52. The averment contained within Paragraph 52 is denied as a conclusion of law to which no response is required.  To the extent that a response is required, same is denied.

## AFFIRMATIVE DEFENSES

1. Pursuant to 11 U.S.C. § 547(c)(1), Debtor may not avoid any transfers to PATHS to the extent such transfer was: (a) intended by the Debtor and PATHS to be a contemporaneous exchange for new value given to the debtor; and (b) in fact a substantially contemporaneous exchange. PATHS alleges that one or more of the transfers received by PATHS is protected by this defense.

2. Pursuant to 11 U.S.C. § 547(c)(2), Debtor may not avoid any transfers to PATHS to the extent such transfer, if any, was in payment of a debt incurred by Debtor and PATHS in the ordinary course of business or financial affairs of the Debtor and PATHS; and either (a) made in the ordinary course of business or financial affairs of the Debtor and PATHS; or (b) made according to ordinary business terms. PATHS alleges that one or more of the transfers received by PATHS is protected by this defense.

3. Pursuant to 11 U.S.C. § 547(c)(4), Debtor may not avoid any transfers to the extent that, after such transfer, PATHS gave new value to or for the benefit of the Debtor: (a) not secured by an otherwise unavoidable security interest; and (b) on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of PATHS.  PATHS alleges that one or more of the transfers received by PATHS is protected by this defense.

4. PATHS gave new value to the Debtor, by providing Debtor with goods and services after the pre-petition transfers were made, and such goods and services were provided by PATHS to Debtor up to Debtor's petition date of June 30, 2019.

5. Debtor's Complaint fails to state a cause of action upon which relief can be granted.

6.      PATHS reserves it right to amend this Answer to plead additional affirmative defenses that may be later discovered.

ACCORDINGLY, Defendant Physician and Tactical Healthcare Services, LLC, respectfully requests:

A. That the Court enter an order dismissing Plaintiff Center City Healthcare, LLC d/b/a Hahnemann University Hospital's Complaint with prejudice;

B. That the Court enter judgment against the Debtor and in favor of PATHS;

C. That the Court awards PATHS its attorneys' fees and costs related to this adversary proceeding;

D. That the Court grants such further relief as the Court deems just and equitable.

Respectfully submitted,

Dated: September 17, 2021                    /s/ Adam Elgart
_____
Adam Elgart, Esq. (Bar No. 3372)
Mattleman Weinroth & Miller, PC
200 Continental Drive, Suite 215
Newark, DE 19713
Ph:    302-731-8349
aelgart@mwm-law.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 17, 2021, he caused the foregoing to be electronically filed with the Clerk of the Court using the ECF system that will send notification of such filing to the parties indicated on the Notice of Electronic Filing, and that the foregoing is also being served on the parties listed below via regular e-mail and U.S. Mail:

Mark Minuti, Esquire
John D. Demmy, Esquire
Monique B. DiSabatino, Esquire
Saul Ewing Arnstein & Lehr LLP
P.O. Box 1266
Wilmington, DE 19899
mark.minuti@saul.com
john.demmy@saul.com
monique.disabatino@saul.com

Jeffrey C. Hampton, Esquire
Adam H. Isenberg, Esquire
Jorge Garcia, Esquire
Shannon A. McGuire, Esquire
Saul Ewing Arnstein & Lehr LLP
Centre Square West
1500 Market Street, 38 Floor
Philadelphia, PA 19102
jeffrey.hampton@saul.com
adam.isenberg@saul.com
jorge.garcia@saul.com
shannon.mcguire@saul.com

Respectfully submitted,

/s/ Adam Elgart

Dated: September 17, 2021

_____
Adam Elgart, Esq. (Bar No. 3372)
Mattleman Weinroth & Miller, PC
200 Continental Drive, Suite 215
Newark, DE 19713
Ph: 302-731-8349
aelgart@mwm-law.com
Attorney for Defendant